Doloros **DONATELLI,** Plaintiff–
Appellant,

v.

The **HOME INSURANCE COMPANY,**
Defendant–Appellee,

**Cooper Industries, Inc.,** Defendant.

No. 92–2591.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1993.

Decided April 26, 1993.

Order Denying Petition for Rehearing
and Suggestion for Rehearing En Banc
April 26, 1993.

Rehearing and Rehearing En Banc Denied
June 11, 1993.

Rudolfo Rivera, Clayton, MO, argued (Sidney Fortus, on the brief), for plaintiff-appellant.

John S. McCollough, St. Louis, MO, argued (Eugene K. Buckley, on the brief), for defendant-appellee.

Before LOKEN, HANSEN, Circuit Judges, and MURPHY,* District Judge.

LOKEN, Circuit Judge.

Doloros Donatelli appeals the dismissal of her claim for a $500,000 accidental death benefit under The Home Insurance Company's group life policy covering the employees of Cooper Industries, Inc. Donatelli argues that the district court erred in granting summary judgment dismissing her state law claim as preempted by ERISA, and in dismissing her ERISA claim for benefits after a trial on the merits.[1] We affirm.

Donatelli's late husband, Joseph Donatelli, Jr., an employee of Cooper Industries, took

his own life on January 22, 1989. Mrs. Donatelli filed a claim for accidental death benefits which The Home denied based upon a policy exclusion for any loss caused by "suicide (in Missouri suicide ... while sane)." Donatelli commenced this action in September 1990. Count I of her complaint alleged a diversity breach of contract claim under Missouri law; Count II alleged the wrongful denial of ERISA benefits under 29 U.S.C. § 1132. Both claims were based upon Donatelli's contention that there is coverage because Joseph Donatelli was insane when he committed suicide.

The district court first granted partial summary judgment dismissing Donatelli's state law claim, concluding that "causes of action premised on common or state law that involve an employee benefit plan ... are preempted by ERISA's comprehensive civil enforcement scheme." The court then conducted a three-day trial of Donatelli's ERISA benefits claim; the parties introduced the record before The Home when it denied Donatelli's claim, plus additional testimony by experts concerning whether Joseph Donatelli was sane when he committed suicide. Applying the de novo standard of review, the district court found that Mr. Donatelli was sane and entered judgment in favor of The Home. This appeal followed.

## I. The State Law Claim.

The parties agree that Mo.Rev.Stat. § 376.620 as judicially construed mandated the policy provision that death by suicide while insane is a covered accidental death. Donatelli argues that this statute is a state law "which regulates insurance" and therefore her breach of contract claim is "saved" from ERISA preemption by 29 U.S.C. § 1144(b)(2)(A). We disagree.

In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52–57, 107 S.Ct. 1549, 1555–58, 95 L.Ed.2d 39 (1987), the Supreme Court held that the civil enforcement provisions of

---

* The HONORABLE DIANA E. MURPHY, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation.

1. The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern District of Missouri, now retired, granted partial

summary judgment on the preemption issue. The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri, entered final judgment in favor of The Home after trial.

§ 1132(a) are the exclusive remedy for beneficiaries seeking to enforce their rights under an ERISA plan. Donatelli concedes that The Home's group life policy is covered by ERISA and that she seeks to recover benefits under that policy. Her state law claim seeks to enforce a contractual remedy that is preempted by § 1132 as construed in *Pilot Life.* If "saved" from ERISA preemption, the Missouri suicide statute will govern the interpretation of The Home's policy, but that does not affect the preemption of state law remedies by § 1132. Thus, the district court correctly granted summary judgment dismissing Donatelli's state law claim for breach of the insurance contract.

## II. The ERISA Claim.

Donatelli contends that the district court erred in dismissing her § 1132 claim for accidental death benefits. She argues that The Home's denial of benefits was arbitrary and capricious and an abuse of discretion because its denial letter misinterpreted the Missouri law of insanity, because The Home failed adequately to explain its denial, and because it ignored overwhelming evidence demonstrating that Joseph Donatelli was insane when he committed suicide. In addition, Donatelli argues that The Home's denial is not entitled to a deferential standard of review because of The Home's inherent conflict of interest in administering this insurance-funded plan.

■ These arguments fundamentally misconstrue the judicial review conducted by the district court. A deferential standard of review is applied if the plan gives the fiduciary discretionary authority to determine eligibility for benefits. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). Here, neither party has identified any provision of the plan giving The Home such discretion. When such discretion is lacking, the district court conducts a de novo review that is not limited to the fiduciary's explanation of its denial. *See Farley v. Benefit Trust Life Ins.*

*Co.,* 979 F.2d 653, 660 (8th Cir.1992). If it is necessary for adequate de novo review of the fiduciary's decision, the district court may allow the parties to introduce evidence in addition to that presented to the fiduciary. *See, e.g., Quesinberry v. Life Ins. Co. of North Amer.,* 987 F.2d 1017, 1021–1027 (4th Cir.1993) (en banc); *Luby v. Teamsters Health, Welfare & Pension Trust Funds,* 944 F.2d 1176, 1184–85 (3d Cir.1991). However, to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators, the district court should not exercise this discretion absent good cause to do so. *See Davidson v. Prudential Ins. Co. of Amer.,* 953 F.2d 1093, 1095 (8th Cir.1992). In this case, the district court did not abuse its discretion in conducting its de novo review upon a somewhat expanded factual record.

■ After conducting a trial at which the parties introduced both the evidence before The Home when it made its denial and additional expert testimony on the insanity issue, the district court reviewed the evidence de novo and explicitly found that Mr. Donatelli was sane at the time of his suicide. When the district court has conducted a de novo review of an ERISA fiduciary's denial of benefits, we review the court's findings of fact under our customary clearly erroneous standard. *See Dvorak v. Metropolitan Life Ins. Co.,* 965 F.2d 606, 609–10 (8th Cir.1992).[2]

After careful review of the record in this case, we conclude that the district court's finding that Joseph Donatelli was sane when he committed suicide is not clearly erroneous. Donatelli concedes that the district court correctly stated the Missouri law of insanity in conducting its de novo review. Therefore, the district court's decision on de novo review must be upheld. Its finding on the insanity issue establishes that The Home's denial of benefits was correct and moots Donatelli's arguments concerning the manner in which The Home reached that decision, regardless of whether those argu-

---

2. This is an important difference between the two standards of judicial review under ERISA. When a fiduciary's discretionary decision is entitled to the deferential standard of review, we review de novo the district court's application of that standard to the fiduciary's interpretation of the plan and its factual determination of benefits eligibility. *See Bernards v. United of Omaha Life Ins. Co.,* 987 F.2d 486, 488 (8th Cir.1993).

ments would have been relevant under the deferential standard of review.

The judgment of the district court is affirmed.

## ORDER DENYING PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

April 26, 1993.

The panel's substituted opinion moots the appellant's pending petition for rehearing and suggestion for rehearing en banc. Thus, the court will not consider the petition and suggestion.