Derek WILSON, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 55S01–0104–CR–208.

Supreme Court of Indiana.

April 16, 2001.

Bryan L. Cook, Indianapolis, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER

DICKSON, Justice

As a result of a handgun found during a police pat-down search in the course of a traffic stop for speeding, the defendant, Derek Wilson, was convicted of possession of a handgun without a license, a class A misdemeanor.[1] The Court of Appeals affirmed. *Wilson v. State*, 727 N.E.2d 775 (Ind.Ct.App.2000). The defendant seeks transfer, asserting that the pat-down search was a violation of the Fourth Amendment. We grant transfer and reverse.

On January 17, 1999, an Indiana State Police trooper observed Wilson's vehicle traveling at 72 m.p.h. When Wilson stopped for a red traffic light, the trooper pulled immediately behind. Wilson's vehicle then turned right without displaying a turn signal, and the trooper made a traffic stop. When the trooper approached the stopped vehicle, he observed that Wilson had red, glassy eyes and detected a strong odor of alcohol on his breath. The trooper also saw alcoholic beverage containers in Wilson's vehicle. After inspecting Wilson's driver's license, the trooper asked him to step out of the car and accompany the officer to his police car to further investigate whether Wilson was intoxicated. In keeping with the trooper's personal practice of patting down any person he intends to place in his car, the trooper patted down Wilson. The trooper testified, "Before I put anybody in my car, whether they're broke down on the side of the highway or what, I pat them down for weapons for my own safety." Record at 66. Prior to and at the time of the pat-down search, Wilson had not exhibited any violent, resistant, or furtive movements, and the trooper did not have any suspicion that Wilson was armed. Upon performing the pat-down search, the trooper found that Wilson was carrying a handgun.

The trial court denied Wilson's motion to suppress all evidence from the pat-down search. When the evidence was offered at trial, Wilson timely objected, asserting that the search and seizure violated the federal and state constitutions.[2]

"A routine traffic stop ... is a relatively brief encounter and 'is more analogous to a so-called 'Terry stop' ... than to a formal arrest.'" *Knowles v. Iowa*, 525 U.S. 113, 117, 119 S.Ct. 484, 488, 142 L.Ed.2d 492, 498 (1998)(quoting *Berkemer v. McCarty*, 468 U.S. 420, 439, 104

1. Ind.Code § 35–47–2–1.

2. Because Wilson does not argue that the search and seizure provision in the Indiana Constitution requires a different analysis than the federal Fourth Amendment, his state constitutional claim is waived, and we consider only the federal claim. *Williams v. State*, 724 N.E.2d 1093, 1097 n. 5 (Ind.2000); *Brown v. State*, 703 N.E.2d 1010, 1015 n. 4 (Ind.1998); *Fair v. State*, 627 N.E.2d 427, 430 n. 1 (Ind. 1993).

S.Ct. 3138, 3150, 82 L.Ed.2d 317, 334 (1984)). The United States Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), explained that police officers may employ investigative techniques short of arrest on less than probable cause without violating Fourth Amendment interests. The principal issue is whether the police action in question was reasonable under all the circumstances. *Pennsylvania v. Mimms*, 434 U.S. 106, 108–09, 98 S.Ct. 330, 332, 54 L.Ed.2d 331, 335 (1977). To determine whether an investigative stop was reasonable "our inquiry is a dual one—whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 19–20, 88 S.Ct. at 1879, 20 L.Ed.2d at 905.

■ Wilson does not challenge the propriety of the initial stop, but only the subsequent pat-down search. *Terry* permits a:

> reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.

*Id.* at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909.

■ The Fourth Amendment allows privacy interests protected by the Fourth Amendment to be balanced against the interests of officer safety. *Id.* at 23–27, 88 S.Ct. at 1881–83, 20 L.Ed.2d at 907–09.

The State emphasizes that any time a police officer is in his car with a suspect, the officer's "vulnerability" is increased. Br. of Appellee at 7. We recognize that law enforcement personnel face significant risks when making traffic stops. However, to subject the stopped motorist to a frisk for weapons is permissible only if "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909. Police may not frisk for weapons "on less than reasonable belief or suspicion directed at the person to be frisked." *Ybarra v. Illinois*, 444 U.S. 85, 94, 100 S.Ct. 338, 343, 62 L.Ed.2d 238, 247 (1979). An officer's authority to conduct a pat-down search is dependent upon the nature and extent of his particularized concern for his safety and that of others. *Mitchell v. State*, 745 N.E.2d 775, 781 (Ind. 2001).

■ The State argues that whenever an officer places someone in the officer's car, it is reasonable, prudent, and warranted for the officer to conduct a preliminary pat-down frisk for weapons. We acknowledge that, when an officer places a person into a patrol car that will be occupied by the officer or other persons, there is a significantly heightened risk of substantial danger to those in the car in the event the detainee is armed.[3] We believe that this increased risk is sufficient to satisfy the requirements of *Ybarra*, and that it is generally reasonable for a prudent officer to pat-down persons placed in his patrol car, even absent a belief of dangerousness particularized to the specific detainee. The question presented by today's case, however, is slightly different because the totality of circumstances here involves the reasonableness during a routine traffic stop of

---

**3.** This is not an imagined scenario. *See, e.g., Lambert v. State*, 643 N.E.2d 349, 351 (Ind.1994)(officer shot and killed while transporting arrestee to jail).

placing a motorist in the police car thereby subjecting him to a preliminary pat-down search.

 Law enforcement personnel must use the "least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 1325–26, 75 L.Ed.2d 229, 238 (1983). Within this mandate we can envision various particularized circumstances (including, for example and without limitation, inclement weather, the lack of available lighting for paperwork, the need to access equipment with the detained motorist, etc.) that may make it reasonably necessary for police to require a stopped motorist to enter a police vehicle. *See, e.g., Burkett v. State*, 691 N.E.2d 1241 (Ind.Ct.App.1998) (placing an apparently intoxicated motorist in police car for transport to county jail for a certified breath test), *trans. denied.* But we decline to hold that the Fourth Amendment permits the police routinely to place traffic stop detainees in a police vehicle if this necessarily subjects the detainee to a preliminary pat-down frisk. An officer is not using the least intrusive means to investigate a traffic stop if, without a particularized justification making it reasonably necessary, he places a person into his patrol vehicle and thereby subjects the person to a pat-down search. *See State v. Pease*, 531 N.E.2d 1207, 1212 (Ind.Ct.App.1988).

In the present case, the trooper testified that there was a range of field sobriety tests that could have been performed outside his patrol vehicle, and even the horizontal gaze test the officer planned to administer did not require being in his vehicle. Record at 71–72. The officer also had the option of allowing Wilson to stay in his car and take a portable breath test. *Id.* at 71. With all the options that were

available to the officer, neither the officer nor the State has identified any reasonably necessary basis to place Wilson in the police car justifying the heightened intrusion of a pat-down search. The trooper stated that at the time of the pat-down he did not believe Wilson was armed. Record at 69. Because the pat-down search was not supported by a particularized reasonable suspicion that Wilson was armed, and because there was no reasonably necessary basis for placing Wilson in the squad car, the search of Wilson violated the Fourth Amendment. The motion to suppress should have been granted.

### Conclusion

Transfer is granted. The judgment of the trial court is reversed. As to all other issues, the Court of Appeals is summarily affirmed. Ind.Appellate Rule 11(B)(3).[4]

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

4. New Ind.Appellate Rule 58(A)(2).