Anthony WILLIAMS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0101–CR–21.

Court of Appeals of Indiana.

Aug. 27, 2001.

Ann M. Sutton, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant, Anthony Williams appeals the trial court's decision to admit certain evidence at trial following the denial of his motion to suppress. Specifically, he contends that the police officer lacked reasonable suspicion to make the traffic stop, that there was no reasonable suspicion from which to authorize the pat down search, and that the contraband was seized when the identity of it was not immediately apparent to officer.

### FACTS

The facts most favorable to the judgment are that on November 20, 1998, Anthony Williams was driving on West 29th Street in Indianapolis. Officer Wildauer, of the Indianapolis Police Department, observed Williams pull in front of a van without first signaling for a lane change, causing the driver to brake quickly and swerve to avoid a collision. Record at 35. Officer Wildauer, who was following behind the van, also had to brake quickly. R. at 35. Williams then proceeded onto I–65 at a high rate of speed. Officer Wildauer subsequently stopped Williams, for changing lanes without first signaling and making an unsafe lane movement.[1] R. at 35. Once stopped, Williams exited his vehicle with his hands in his pockets and began walking towards the police car. R. at 37. Officer Wildauer observed that Williams was nervous, sweating, and his legs were shaking. R. at 37–38. Officer Wildauer asked Williams, two or three times, to take his hands out of his jacket pocket and away from his waistband, but Williams failed to comply, causing Officer Wildauer to fear for his safety. R. at 39. Officer Wildauer then ordered Williams to place his hands on the police car so that he could conduct a pat down search for weapons. R. at 40. Williams again placed his hand in his pocket. The officer removed Williams's hand and again tried to pat him down. *Id.* Williams then grabbed at Officer Wildauer's wrist. *Id.* At this time, the officer handcuffed Williams so that he could complete the pat down search. *Id.*

While conducting the search, Officer Wildauer felt what he immediately believed to be rock cocaine in Williams' left jacket pocket. R. at 41. Officer Wildauer based this belief on the various drug interdiction training programs he has attended over the last fourteen years, as well as over one hundred arrests that he has made for crack cocaine. R. at 42. The officer retrieved the object from Williams' pocket and took it to the police lab for examination. R. at 42–43. Upon examination by the Indianapolis Marion County Forensics Services Agency, the object was determined to be powder cocaine. R. at 60.

On December 22, 1998, Williams filed a motion to suppress the evidence, which was denied. On January 31, 2000, Williams was found guilty as charged for possession of cocaine. Williams filed a Motion to Correct Errors on June 22, 2000, which was denied. He now appeals

1. IND.CODE § 9–21–8–24.

the trial court's admission of the cocaine at trial.

## DISCUSSION AND DECISION

### I. Standard of Review

The admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent a showing that the trial court abused its discretion. *Johnson v. State,* 710 N.E.2d 925, 927 (Ind.Ct.App.1999). Upon review of a trial court's ruling with respect to the validity of a search and seizure, we will consider the evidence most favorable to the ruling and any uncontradicted evidence to the contrary to determine whether there is sufficient evidence to support the ruling. *Callahan v. State,* 719 N.E.2d 430, 434 (Ind.Ct.App.1999). If the evidence is conflicting, we consider only the evidence favorable to the ruling and will affirm if the decision is supported by substantial evidence of probative value. *Id.*

### II. Williams's Claims

### A. Traffic Stop

Williams claims that the police officer lacked reasonable suspicion to make the traffic stop. In resolving Williams's claim, we note that an officer has the authority to stop a person for investigatory purposes, if the officer has a reasonable suspicion of criminal activity. *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see also D.H. v. State,* 688 N.E.2d 221, 223 (Ind.Ct.App.1997). Reasonable suspicion is satisfied where the facts known to the officer, together with the reasonable inferences arising from such facts, would cause an ordinarily prudent person to believe that criminal activity has or is about to occur. *Swanson v. State,* 730 N.E.2d 205, 209 (Ind.Ct.App. 2000). A police officer may stop a vehicle when he observes minor traffic violations.

*Black v. State,* 621 N.E.2d 368, 370 (Ind. Ct.App.1993). Under IND.CODE § 9–21–8–24:

A person may not:

(1) slow down or stop a vehicle;

(2) turn a vehicle from a direct course upon a highway; or

(3) change from one (1) traffic lane to another;

unless the movement can be made with reasonable safety. Before making a movement described in this section, a person shall give a clearly audible signal by sounding the horn if any pedestrian may be affected by the movement and give an appropriate stop or turn signal ... if any other vehicle may be affected by the movement.

In the instant case, Officer Wildauer observed Williams pull quickly in front of a van, without signaling, causing the van to quickly apply its brakes to avoid a collision. Officer Wildauer pulled over Williams for changing lanes without first signaling and making an unsafe lane movement. R. at 35. Thus, the officer had reasonable suspicion to stop Williams.

### B. Pat Down Search

Williams next claims that the officer lacked reasonable suspicion from which to conduct the pat down search. To examine whether the search was legal we must first examine the Indiana Constitution Article I, Section 11, as well as the Fourth Amendment to the United States Constitution. The language of the Indiana provision is nearly identical to the Fourth Amendment. Article I, Section 11 states: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable search or seizure shall not be violated." A judicially issued search warrant is a condition precedent to a lawful search. "Searches con-

ducted outside the judicial process are per se unreasonable unless subject to a few well delineated exceptions." *Minnesota v. Dickerson,* 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). The state has the burden of demonstrating the existence of one of these exceptions. One such exception to the warrant requirement is: when a police officer makes a *Terry* stop, if he has reasonable fear of danger, he may conduct a carefully limited search of the outer clothing of the suspect in an attempt to discover weapons that might be used to harm him. *Shinault v. State,* 668 N.E.2d 274, 277 (Ind.Ct.App.1996). An officer's authority to conduct a pat down search is dependent upon the nature and extent of his particularized concern for his safety. *Wilson v. State,* 745 N.E.2d 789, 792 (Ind.2001).

 In the instant case, Officer Wildauer conducted a limited pat down search of Williams's outer clothing because he feared that Williams could be armed. R. at 11. Williams avoided eye contact with the officer, was more nervous than usual for a routine traffic stop, was sweating, and his legs were shaking. R. at 10–11. In spite of repeatedly being told to remove his hands from his pocket and waistband area, Williams kept putting his hands in his pockets. R. at 12. While the officer was in the midst of performing the pat down, Williams again tried to put his hands in his pockets and at one point even grabbed Officer Wildauer's wrist. This behavior warranted the officer's reasonable fear for his safety and the subsequent pat down search of Williams. *See State v. Joe,* 693 N.E.2d 573, 574–75 (Ind.Ct.App. 1998). (holding that police acted reasonably when searching a suspect who was suspiciously moving his hands around the center console of the car and reluctantly raised his hands only after the officer drew his gun.)

### C. Seizure of Contraband

 Finally, Williams claims that the seizure of the contraband was illegal because the identity of it was not immediately apparent to the officer. In resolving this issue, we note that a police officer may seize contraband if, during a lawful pat down of a suspect's clothing, he feels an object whose contour or mass makes its identity immediately apparent. *Dickerson,* 508 U.S. at 372, 113 S.Ct. 2130. A warrantless seizure of the contraband is justified by the same practical considerations that inhere in the plain view context. *Id.* Two factors must be considered when determining if the seizure was lawful: 1) whether the contraband was detected during the initial pat down for weapons rather than during a further search, and 2) whether the identity of the contraband was immediately apparent to the officer. *D.D. v. State,* 668 N.E.2d 1250, 1252 (Ind.Ct. App.1996).

 Here, Williams does not dispute that the contraband was found during the initial pat down search for weapons.

The second factor is whether the identity of the item was immediately apparent to the officer. This court held that seizure of marijuana, from a defendant's pocket, was valid because the officer determined that the bag was marijuana as soon as he touched it. *Bratcher v. State,* 661 N.E.2d 828, 832 (Ind.Ct.App.1996). In *Walker v. State,* 661 N.E.2d 869 (Ind.Ct.App.1996), this court affirmed the trial court's denial of the defendant's motion to suppress the evidence of marijuana. The officer who performed the pat down testified that after touching the item he knew it was not a weapon, but "instantaneously" realized the substance was marijuana. *Id.* at 871.

Inasmuch as Officer Wildauer's extensive training and experience led him to believe that the rock-like substance seized

from William's coat pocket was crack cocaine, the seizure of the contraband was proper. The mere fact that the substance was powder rather than rock cocaine is of no moment. Thus, there was no error.

Judgment affirmed.

FRIEDLANDER, J., and ROBB, J., concur.