**John WHEATLEY, Appellant–Plaintiff,**

**v.**

**AMERICAN UNITED LIFE INSURANCE COMPANY, Appellee–Defendant.**

**No. 10A01–0211–CV–440.**

Court of Appeals of Indiana.

Aug. 6, 2003.

David W. Stone, IV, Stone Law Office & Legal Research, Anderson, IN, Karl Truman, Karl Truman Law Office, Jeffersonville, IN, Attorney for Appellant.

Jonathan Becker, American United Life Insurance Company, Indianapolis, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

John Wheatley ("Wheatley") appeals the Clark Superior Court's decision that American United Life ("AUL") properly denied total disability benefits to him. He raises two issues, which we restate as:

I. Whether the trial court abused its discretion when it did not consider

any additional evidence beyond what was reviewed initially by AUL; and,

II. Whether the trial court erred when it decided that AUL properly denied disability benefits to Wheatley.

Because we conclude that the trial court did not abuse its discretion and that its decision was not clearly erroneous, we affirm.

## Facts and Procedural History

Wheatley was an employee for Voss–Clark and was insured under a group disability insurance policy issued to his employer by AUL. AUL is considered the plan administrator of the policy. If an employee was found to be totally disabled under the policy, it provided a monthly benefit. Ex. Vol., Pl.'s Ex. 1. For the first twenty-four months of benefits, totally disabled means that the insured cannot perform the material and substantial duties of his regular occupation due to the illness or injury at issue. Ex. Vol., Pl.'s Ex. 1. In order to qualify for benefits in excess of the first twenty-four months, the insured must not be able to perform the material and substantial duties of any gainful occupation for which he is reasonably fitted by training, education, or experience due to the illness or injury at issue. Ex. Vol., Pl.'s Ex. 1.

In May of 1997, Wheatley began experiencing problems with heartburn and diarrhea. He underwent surgery in August of 1997, but the diarrhea continued. On June 4, 1997, Wheatley completed a group disability claim application for benefits under the group long-term disability policy offered by AUL. Ex. Vol., Def.'s Ex. 1 pp. 233–34. AUL investigated Wheatley's claim by reviewing his medical records and determined that he was eligible for benefits. Thereupon, AUL made payments pursuant to the policy to Wheatley until January 25, 2000. At that time, after a review of his medical records and after obtaining opinions from other independent doctors, AUL notified Wheatley that he was no longer eligible for benefits after May 2, 2000, because after the initial twenty-four months of benefits, Wheatley no longer met the definition of totally disabled. AUL determined that Wheatley was not totally disabled from performing the material and substantial duties of any gainful occupation for which he was reasonably fitted by training, education, or experience. AUL advised Wheatley of his appeal rights in the January 25, 2000 letter. See Ex. Vol., Def.'s Ex. 1 p. 238.

Wheatley did not appeal AUL's determination, nor did he provide AUL with any additional medical information or other pertinent information after the letter. Rather, on March 31, 2000, Wheatley filed a complaint in Clark Superior Court alleging that AUL breached their contract by refusing to pay further disability benefits to Wheatley. A bench trial was held on July 22 and 23, 2002. At the conclusion, the trial court entered findings of fact and conclusions of law and found that AUL properly denied Wheatley's disability benefits. Appellant's App. pp. 31–37. Wheatley now appeals.

## I. Admission of Additional Evidence

■ The group long-term disability policy at issue in this case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1001 et seq. (2003). ERISA supersedes Indiana and all other state laws insofar as they may now or hereafter relate to any employee benefit plan. 29 U.S.C. § 1144(a). The trial court had concurrent subject matter jurisdiction with the federal district court over Wheatley's claims. See 29 U.S.C. § 1132(e)(1). The United States Supreme Court has held that a denial of benefits under ERISA is to be reviewed under a de novo standard, unless the bene-

fit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

■ In the present case, AUL was not given discretionary authority to determine eligibility or to construe the terms of the plan, so de novo review was the standard to be applied. When a court reviews a denial of benefits under the de novo standard, it does not give any deference to the administrator's decision. *See Romine v. Gagle*, 782 N.E.2d 369, 379 (Ind.Ct.App. 2003).

Wheatley contends that the trial court committed error in refusing to allow him to admit additional evidence at the bench trial that had not been presented to AUL for its determination of benefits. He argues that in a de novo proceeding he should have the opportunity to present additional evidence.

The question of the trial court's scope of review under a de novo standard in an ERISA claim appears to be one of first impression in Indiana and has produced a split among the federal circuits. The Third and Eleventh Circuits have routinely allowed the admission of additional evidence that was not presented to the plan administrator. In *Kirwan v. Marriott Corp.*, 10 F.3d 784 (11th Cir.1994), the Eleventh Circuit stated that a district court's de novo review of an administrator's determination of benefits is not limited to the facts available to the administrator at the time of the determination. *Id.* at 789. In *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176 (3d Cir.1991), the court held that limiting the scope of review is contrary to the concept of de novo review and that when a district court reviews an ERISA determination de novo, it is not limited to

the evidence presented to the administrator. *Id.* at 1184–85. However, the court went on to state that if the record on review was sufficiently developed, the district court may, in its discretion, conduct a de novo review of the administrator's determination. *Id.* at 1185. The court held that "[a]dmitting evidence not considered by the plan administrator is crucial in cases, such as [*Luby*], where there is no evidentiary record to review." *Id.*

The Sixth Circuit has reached the opposite conclusion in *Miller v. Metropolitan Life Insurance Co.*, 925 F.2d 979 (6th Cir. 1991). There, the court stated that a court may only consider the evidence available to the administrator when the benefits determination was made and that this limitation applied both to arbitrary and capricious and de novo reviews. *Id.* at 986.

The Eighth Circuit has taken more of a middle ground approach and has held that if it is necessary for adequate de novo review of the administrator's determination, the parties may be allowed to introduce additional evidence from that presented to the administrator. *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir.1993). It further stated that the district courts should not exercise this discretion absent good cause so as to promote expeditious review of ERISA benefits determinations and "to keep district courts from becoming substitute plan administrators." *Id.* The Fourth Circuit has adopted a scope of de novo review that allows the district court in its own discretion to admit evidence that was not presented to the administrator, but this discretion should only be exercised when "circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review" of the benefit determination. *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir.1993). Our Seventh Circuit has held that when reviewing

an administrator's determination de novo, the district court may limit the evidence to that which was presented to the administrator or it may permit additional evidence to be introduced when necessary "to enable it to make an informed and independent judgment." *Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir.1994).

■ Upon due consideration of these cases and the policies behind their differing interpretations, we hold that under a de novo standard of review, Indiana trial courts should allow additional evidence beyond what was presented to the administrator only when it is necessary to conduct an adequate de novo review of the administrator's determination, and this discretion should only be exercised when good cause exists.[1] *See Donatelli*, 992 F.2d at 765; *Quesinberry*, 987 F.2d at 1025. We believe this standard is most consistent with Indiana's general rule that the admissibility of evidence is within the sound discretion of the trial court. *Williams v. State*, 754 N.E.2d 584, 587 (Ind.Ct.App. 2001), *trans. denied.* We will not disturb a trial court's decision concerning evidence absent a showing that the trial court abused its discretion. *Id.*

■ A trial court may have good cause to allow additional evidence when the administrator's record is insufficient or if there is no record. *Casey*, 32 F.3d at 1099; *Luby*, 944 F.2d at 1185. In *Casey*, the court found that the district court was

not limited only to the evidence presented to the administrator because the record before the plan administrator was relatively undeveloped. 32 F.3d at 1099. In *Luby*, the Third Circuit stated that it was crucial to admit additional evidence because there was no evidentiary record in that case. 944 F.2d at 1185.

■ In the present case, AUL's record was sufficiently developed. It contained Wheatley's medical records and analyses of Wheatley's condition by independent physicians. AUL also provided detailed findings as to its determination to deny further benefits to Wheatley. *See* Appellant's App. pp. 236–38. Additionally, Wheatley had ample opportunity to supplement the record during the claim and appeal process of the determination. He chose not to pursue an appeal of AUL's denial of further benefits or to submit additional evidence. Therefore, other than Wheatley's desire to submit additional evidence, there is no indication that the record before the trial court was insufficient to conduct an adequate de novo review, and the trial court did not abuse its discretion when it did not admit Wheatley's additional evidence.

## II. Judgment of the Trial Court

When the trial court issues findings and conclusions pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard of

---

1. The dissent believes that it would be better policy to always allow the admission of additional evidence, positing that our rule will increase the costs for claimants. According to the dissent, a claimant should only have to expend money on experts and taking depositions when their claim is denied by the administrator. We believe that our rule is the more economical choice, requiring the claimant to present all pertinent evidence in his favor at the time of presentation to the plan administrator. We believe complete and comprehensive presentation of evidence to

the plan administrator will save time and resources in the long run, allowing expeditious judicial review of ERISA benefit decisions on the basis of fully developed records. Requiring complete and comprehensive evidence at the plan administrator level should also help prevent trial courts from becoming substitute plan administrators. Additionally, it would seem logical that the claimant would want to present all of the favorable evidence available to him at the time of the administrator's determination in order to obtain a favorable benefits determination.

review. *Romine v. Gagle,* 782 N.E.2d 369, 376 (Ind.Ct.App.2003) (citing *Oil Supply Co. v. Hires Parts Serv., Inc.,* 726 N.E.2d 246, 248 (Ind.2000)). "We examine the record to determine whether the evidence supports the findings and then determine whether the findings support the judgment." *Id.* We disturb the trial court's judgment only where there is no evidence supporting the findings or the findings do not support the judgment. *Garling v. Ind. Dep't of Natural Res.,* 766 N.E.2d 409, 410 (Ind.Ct.App.2002), *trans. denied.* We do not reweigh the evidence; rather we only consider the evidence favorable to the trial court's judgment. *Id.* Thus, the challenger's burden is a heavy one, but one that may be overcome by showing that the trial court's findings are clearly erroneous. *Id.* Conclusions of law are reviewed de novo. *Fobar v. Vonderahe,* 771 N.E.2d 57, 59 (Ind.2002).

■ Wheatley argues that the trial court's decision that disability benefits were properly denied to him by AUL was contrary to the evidence. He contends that the trial court should have relied on the determination that Wheatley was totally disabled for social security purposes and should also have found him totally disabled under the AUL policy.

■ On November 20, 1999, Wheatley was found to be disabled by the Social Security Administration. However, under ERISA, AUL was not bound by the Social Security Administration's determination. *See Haynes v. Hartford Life Ins. Co.,* 2002 WL 31427462, at *7 n. 6 (S.D.Ind. Oct.9, 2002). Additionally, to make any use of the disability determination of the Social Security Administration, a claimant must show that the plan administrator had the same information contained within the social security file when the administrator made its determination. *See id.* (citing *Donato v. Metro. Life Ins. Co.,* 19 F.3d 375, 380 (7th Cir.1994)). In light of the non-binding nature of a social security disability determination under ERISA and because Wheatley did not show that AUL considered the same information that was in the social security file when it made its disability determination under the policy, the trial court did not err when it determined that AUL properly denied Wheatley's disability benefits.[2]

## Conclusion

The trial court did not abuse its discretion when it did not allow additional evi-

**2.** Wheatley also argues for the first time in his reply brief that the trial court should have given deference to the opinion of Wheatley's treating physician, Dr. Trommler, and applied the "treating physician rule" in the ERISA context. In the social security context, the "treating physician rule" is a standard that requires an administrative law judge to give deference to the opinions of a claimant's treating physician when determining the claimant's eligibility for benefits. *Darland v. Fortis Benefits Ins. Co.,* 317 F.3d 516, 531 (6th Cir.2003). This argument was not presented in Wheatley's appellant's brief. "No new issues shall be raised in the reply brief." Ind. Appellate Rule 46(C).

Even if we were to decide this issue, we would not conclude that the trial court should have applied the "treating physician rule."

In a recent case, the United States Supreme Court decided that determinations of benefits under ERISA did not require that the opinion of claimant's treating physicians be given special weight under the "treating physician rule" used in the more limited social security context. *Black & Decker Disability Plan v. Nord,* —— U.S.——, ——, 123 S.Ct. 1965, 1972, 155 L.Ed.2d 1034 (May 27, 2003). This was because the presumption employed under the "treating physician rule" was adopted in the social security context to benefit a large, uniform benefits program efficiently. *Id.* at 1971. This need does not exist in the ERISA context because ERISA contains more flexibility and employers have more leeway to determine what benefits they will offer. *Id.* at 1971–72.

dence to be admitted, and it did not err when it decided that AUL properly denied Wheatley's disability benefits.

Affirmed.

MAY, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent. I commend the majority for research and analysis, but I nevertheless reach a different conclusion and believe that allowing the admission of additional evidence in a *de novo* review proceeding is better law and better policy.

The United States Supreme Court has directed that because ERISA is intended to further the protection of covered workers a trial court reviewing an administrator's decision is to conduct such review *de novo* unless the fiduciary has discretionary authority to construe the terms of the plan or make eligibility determinations. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In conducting the *de novo* review, the trial court is to make an informed and independent judgment. *Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir. 1994).

Here, Wheatley sought to introduce expert testimony that he met the standard of total disability, to testify why his bowel movements subsided on the third day he was hospitalized to rebut contrary evidence, and to present the testimony of a physician as to the severity of his condition. All of this evidence is relevant to an informed and independent judgment.

I also believe allowing such evidence is better policy. The rule announced by the majority which allows additional evidence "only when it is necessary to conduct an adequate de novo review of the administra-

tor's determination, and this discretion should only be exercised when good cause exists," *Opinion*, p. 931, will significantly increase the cost of making claims. Looking only at the case before us, I believe it was reasonable and prudent for Wheatley to present only the opinion of his treating physician as to the nature and extent of his disability coupled with the disability determination made by the Social Security Administration. Only in the event that the administrator denies the claim, should a claimant have to go to the expense of hiring expert witnesses, taking depositions and so forth. Under the rule set out in this case, a claimant now faces a Hobson's choice: Either incur the expenses inherent in presenting such evidence—expenses and evidence which may not be necessary to the administrator's determination—or save the expenses but face the risk that such evidence may not be later admitted should an appeal of an adverse decision be required.

I also believe that making the admission of such evidence discretionary with the trial courts places a very difficult burden on the trial court and will inevitably lead to inconsistent rulings. What are the limits of the trial court's discretion? How does a trial court determine whether additional evidence is necessary to conduct an adequate *de novo* review unless it hears the additional evidence?

I would reverse the decision of the trial court, order the admission of the additional evidence, and remand for further proceedings.