**Gerald L. WILKERSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 26A01–0909–CR–457.**

Court of Appeals of Indiana.

Sept. 14, 2010.

Jason M. Spindler, Princeton, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

GARRARD, Senior Judge.

This is an interlocutory appeal from the denial of Gerald Wilkerson's motion to suppress. Wilkerson contends the police lacked reasonable suspicion to initiate a traffic stop. He further contends that, assuming the stop was lawful, police violated his constitutional rights when they failed to give him the warning required by *Pirtle v. State*, 263 Ind. 16, 323 N.E.2d 634 (1975) before securing consent to conduct a pat down search of his person.

When reviewing a ruling on a motion to suppress, we consider the evidence most favorable to the ruling and any uncontradicted evidence to the contrary to determine whether there is sufficient evidence to support the ruling. Where the evidence is conflicting, we consider only the evidence favorable to the ruling. We will affirm if the decision is supported by substantial evidence of probative value. *Williams v. State*, 754 N.E.2d 584, 587 (Ind.Ct.App.2001), *trans. denied.*

Indiana State Police Trooper Puskas testified at the suppression hearing. He said that on August 23, 2007, he was accompanied by Trooper Kaucher, a trainee, and they were on patrol on State Highway 64. They were set up on the side of the road to observe for speeders or any other visible violations. He received a call from another trooper that a black Mitsubishi was eastbound on highway 64 that was

possibly carrying narcotics. He told the caller that if they observed a violation, they "would attempt to get it stopped. If we did not, we'd let it go by." Shortly thereafter, they observed an eastbound black Mitsubishi automobile. As the vehicle passed the officers looked but could not observe the driver or anyone else in the car because the window tint was too dark.

They began following the car and it pulled into a gas station. Trooper Puskas pulled in front of it as the driver was getting out. He told the driver that he needed to speak to him about his window tint.

The driver, subsequently identified as Wilkerson, would not look at Puskas but kept looking in different directions. He said he needed cigarettes, but Puskas saw a nearly full pack on the car's console when Wilkerson was retrieving his vehicle registration. Wilkerson kept shifting from foot to foot and kept putting his hands in his pockets despite being repeatedly told not to. Puskas asked if Wilkerson had any weapons. Wilkerson said "no", and Puskas then asked, "May I pat you down for weapons?" Wilkerson said, "Sure. I don't have anything."

During the pat down, Puskas felt a soft baggy in the area of Wilkerson's crotch and said, "That's a baggy." When he said this, Wilkerson took off running toward an adjacent Denny's parking lot.

■ The officers pursued and observed Wilkerson throw away a white substance as he was running. Wilkerson was captured and arrested. Trooper Kaucher essentially corroborated Trooper Puskas' testimony.

■ An officer may stop a vehicle when he observes minor traffic violations. *Williams,* 754 N.E.2d at 587; *Black v. State,* 621 N.E.2d 368, 370 (Ind.Ct.App.

1993). Ind.Code § 9–19–19–4(c) provides in pertinent part:

A person may not drive a motor vehicle that has a:

(1) windshield;
(2) side wing;
(3) side window that is part of a front door; or
(4) rear back window;

that is covered by or treated with sunscreening material or is tinted to the extent or manufactured in a way that the occupants of the vehicle cannot be easily identified or recognized through that window from outside the vehicle.

Wilkerson bases his argument upon evidence that at the time of the hearing the windshield of the vehicle was not so dark as to prevent people from being identified. This merely tends to dispute the testimony of the troopers. As such, it fails to provide a basis for overturning the court's ruling. It follows that the troopers were authorized to stop Wilkerson for this traffic violation.

■ In *Pirtle,* our supreme court determined that a person in custody must be informed of his right to consult with an attorney concerning his consent for police to conduct a search, before a valid consent to search may be given. The burden is on the state to prove a custodial defendant expressly authorized a search after being advised of his right to consult with counsel before consenting to the search. *Torres v. State,* 673 N.E.2d 472, 474 (Ind.1996).

Subsequent decisions have held the *Pirtle* requirement inapplicable in cases where the search consisted of field sobriety tests (*Ackerman v. State,* 774 N.E.2d 970, 981–82 (Ind.Ct.App.2002), *trans. denied*), a chemical breath test (*Schmidt v. State,* 816 N.E.2d 925, 944 (Ind.Ct.App.2004), *trans. denied*), or a chemical blood test (*Datzek v. State,* 838 N.E.2d 1149, 1159 (Ind.Ct.

App.2005), *trans. denied* ). The rationale for these decisions was that in each instance the searches were non-invasive, took little time to administer, were narrow in scope, and were unlikely to reveal any incriminating evidence other than impairment. The *Ackerman* court contrasted these characteristics with *Pirtle* and the subsequent decisions applying it, all of which involved general unlimited searches of dwellings or automobiles that would have only been reasonable with probable cause. 774 N.E.2d at 981.

We find the pat down search for weapons to be quite like the sobriety tests conducted in *Ackerman* and its progeny. The pat down takes little time to administer, is narrow in scope, is non-invasive and is not designed to reveal incriminating evidence other than the presence of weapons. Moreover, probable cause is not a requirement for administering pat down searches. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Wilson v. State,* 745 N.E.2d 789 (Ind.2001); *Williams, id.* It is unlike the unlimited general searches, which require probable cause, where the Pirtle rule has been applied. *See Ackerman, id.*

Thus, we conclude that compliance with the *Pirtle* requirement was unnecessary, and Wilkerson's consent to the pat down search was therefore valid. Accordingly, the trial court did not err in denying the motion to suppress.

Affirmed.

BARNES, J., and ROBB, J., concur.