George C. DAHLIN, Appellant,

v.

Enid G. DAHLIN, Appellee.

No. 3–877A202.

Court of Appeals of Indiana, Third District.

Dec. 4, 1979.

Arthur I. Raelson, Roule & Raelson, LaPorte, for appellant.

John J. Davie, LaPorte, for appellee.

HOFFMAN, Judge.

The marriage of George and Enid Dahlin was dissolved by the court below on February 24, 1977, pursuant to a petition filed by Enid on April 29, 1976. The sole issue in this appeal is whether the court abused its discretion when it awarded approximately one-half of the parties' property to Enid.

A division of property pursuant to a dissolution of marriage is governed by the following statute:

"In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

"*In determining what is just and reasonable the court shall consider the following factors*:

(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties." (Emphasis added.)

IC 1971, 31–1–11.5–11 (1978 Burns Supp.).

■ In reviewing a division of marital property this Court presumes that the trial court followed the law; that it considered the statutory factors in making its decision. *In re Marriage of Patus* (1978), Ind.App., 372 N.E.2d 493, at 495.

■ It is not our function to weigh the evidence nor to substitute our judgment for that of the trial court, *In re Marriage of Patus, supra* ; rather, this Court's sole duty is to review the record to determine whether the trial court committed an abuse of discretion when it divided the parties' property. *In re Marriage of Patus, supra*, 372 N.E.2d at 496; *Wilcox v. Wilcox* (1977), Ind.App., 365 N.E.2d 792, at 795. Such an abuse of discretion exists only where the award is clearly against the logic and effect of the facts and circumstances before the court. *Wilcox v. Wilcox, supra*, 365 N.E.2d 796.

■ The record here discloses that the marriage of the parties lasted less than four years and produced no children. The record

also shows that Enid had a limited amount of individual property, both prior to and at the end of her marriage to George. What property she did possess consisted primarily of her household furnishings, a used car and a number of show dogs. Enid devoted her time primarily to maintaining the parties' home, although she was employed on a part-time basis on a number of occasions. Her duties as a homemaker included caring for the few head of livestock on the parties' farm, generally managing the household and caring for between ten and fifteen dogs.

Finally, although the record shows that Enid (then age 50) had a considerably lesser earning ability than George (then age 63), it also shows that George would be forced to retire on a $500 per month pension within a year and a half of the decree.

It is George's argument that the court below ignored both subsection (a) and subsection (b) of the statute when it divided the marital assets. He bases this argument on the following additional facts, none of which were controverted: (1) that he entered the marriage with a net worth of approximately $65,000; (2) that Enid entered the marriage with a net worth of less than $10,000; (3) that virtually all of the parties' financial obligations were paid by him, including a large mortgage and note obligation on the parties' real estate; and (4) that Enid's earnings made a negligible contribution to the parties' finances. Thus, he concludes, a net award of approximately $44,000 to Enid and $43,000 to him was plainly an abuse of discretion.

On these facts, a rational basis for the award of one-half of the property to each party is not at all apparent. Rather, it appears that the division of property was indeed clearly against the logic and effect of the facts and circumstances before the court. The short duration of the marriage, the substantial property and financial contributions of George, the extremely limited contribution of Enid, and the fact of George's imminent retirement on a modest pension are all circumstances which militate against the division made below.

Moreover, the record contains no evidentiary support whatever for so substantial an award to Enid. Consequently, the order entered below cannot stand.

■ One additional matter raised by George in his brief to this Court warrants comment. When the trial court denied George's motion to correct errors, it filed a memorandum which included the following statement:

". . . The Court interprets Section 31–1–11.5–11(c) as requiring some economic parity of the spouses' position [sic] after dissolution and that Section 31–1–11.5–11(e) permits the court to consider their earning ability to try to accomplish this result."

George maintains that this statement establishes that the court's judgment was based on a consideration not present in the statute (economic parity) and must therefore be reversed.

George is correct in his contention that IC 1971, 31–1–11.5–11 (1978 Burns Supp.) contains neither a requirement that the court equalize the parties' financial position upon a dissolution of their marriage, nor any language which can be said to fairly imply such a requirement. Thus, the memorandum discloses that when the trial court exercised its discretion in dividing the parties' property, it relied upon an improper factor.

Under such circumstances the court's decision cannot stand:

". . . [W]here, as here, the outcome is not mandated by an established rule of law but, instead the decision rests within the discretion of the court, we must reverse if the decision is not consistent with the findings and conclusions or if the reasons given are insufficient as a matter of law to justify the manner in which the court exercised its discretion. The reason arises from the fact that the court does have discretion. If the reason given by the court is not a valid basis for a particular exercise of discretion, it can be no more than conjecture on our part that once the court recognizes the invalidity of its original reason it will reach precisely the same exercise of discretion for other reasons. Our Supreme Court recently so held in *City of Elkhart v. Middleton* (1976), Ind., 356 N.E.2d 207. Similarly, if the findings and conclusions entered by the court, when construed most favorably toward the judgment, are nevertheless clearly inconsistent with it, the decision must be set aside regardless of whether there was evidence adduced at trial which would have been sufficient to sustain the decision."

*In re Marriage of Miles* (1977), 362 N.E.2d 171, at 174.

For each of the reasons discussed above the order dividing the Dahlins' property must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

GARRARD, P. J., and STATON, J., concur.