**Karen L. GARLING, Appellant–Defendant,**

v.

**INDIANA DEPARTMENT OF NATURAL RESOURCES, Appellee–Plaintiff.**

No. 09A02–0101–CV–7.

Court of Appeals of Indiana.

Oct. 17, 2001.

John R. Hillis, Hillis & Hillis, Logansport, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, James A. Joven, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Karen L. Garling challenges the trial court's decision recognizing Lake Cicott as a public freshwater lake. In particular, Garling alleges that the trial court erred as a matter of fact and law in determining that the riparian landowners acquiesced in the public using Lake Cicott, thereby making it a public lake. Further, Garling attacks the trial court's decision on the basis that it relied on inadmissible hearsay to conclude that Lake Cicott was a public, rather than a private, lake. Because we find that the trial court correctly concluded that Lake Cicott is a public lake and that the trial court's decision was not based on inadmissible hearsay, we affirm.[1]

### Facts and Procedural History

In January of 2000, the Indiana Department of Natural Resources (DNR) filed a Verified Complaint for Permanent Mandatory Injunction and Damages against Larry Bowyer, d/b/a Lakes Limited Liability Corporation, and Garling to enjoin the illegal dumping of construction and other debris into Lake Cicott. In her response, Garling identified two issues involved in the litigation: (1) whether Lake Cicott is a public or private lake; and (2) the status of the contract of sale between her and Bowyer. Because the resolution of the second issue depended on the court's ruling on the first issue, Garling moved the trial court to bifurcate the proceedings. The trial court

---

1. We hereby deny Appellant's request for oral argument.

granted Garling's motion and conducted a hearing solely on whether Lake Cicott was public or private.

Lake Cicott is the southernmost glacially formed lake in Indiana. The freshwater lake is situated in Cass County. Garling and her husband owned the Lake Cicott Campground located on Lake Cicott, which they sold on contract to Bowyer prior to the institution of the underlying action. The public is able to gain access to the lake through the Lake Cicott Campground after paying an admission fee. Additionally, the public uses the parking lot of a church situated on property abutting Lake Cicott to gain access to the lake.

Over the last 50 years, the Indiana Department of Conservation, and thereafter the DNR, has consistently regulated Lake Cicott as a public freshwater lake. The DNR maintains a file of public records concerning Lake Cicott, which contains the following information.

First, as far back as 1948, the predecessor to the DNR, the Department of Conservation, began receiving requests for permission to modify Lake Cicott. In particular, in 1948, one of the riparian owners requested and received a permit to clear muck from the bottom of the lake and replace it with sand in order to make a community beach. Further, a permit was requested and received in 1950 to allow another riparian owner to install a tile or pipe outlet for Lake Cicott. Additionally, in 1974, eight of the riparian owners petitioned the DNR:

> to take jurisdiction and control over the said Lake Cicott, in trust for the use of all its citizens and to oppose any person or entities owning lands bordering on such Lake who assert that they may have exclusive right to the use of the waters of said Lake Cicott or any part thereof, all as pursuant to the statutes of the State of Indiana pertaining thereto.

Appellant's App. P. 87–88. In their petition, the riparian owners represented that the general public had used Lake Cicott for a period of 75–100 years for recreational purposes including fishing, boating, and swimming. Three years after the petition, correspondence, which the DNR filed with the Cass County Clerk, identified Lake Cicott as a "public freshwater lake and as such subject to this Department's jurisdiction." Appellant's App. P. 89. Moreover, the letter warned that Indiana statutory law requires the DNR to issue written approval prior to any alteration of the shoreline or bed of a public lake such as Lake Cicott. Thereafter, in 1981, riparian owners submitted a request to the DNR to allow them to clean up the shoreline of Lake Cicott. Finally in 1982, the DNR placed a Notice of Hearing seeking public comment regarding an application to modify the shoreline of Lake Cicott. While a number of documents were received into evidence concerning the DNR's intent to exercise jurisdiction and control over Lake Cicott, neither side presented evidence of any law enforcement activity by the DNR concerning fishing licenses or boat and water safety at Lake Cicott.

Based on the foregoing evidence, the trial court declared Lake Cicott to be a public lake. It is from that determination that Garling initiated this appeal.

### Discussion and Decision

 At the outset we recognize that Garling appeals from a negative judgment following a bench trial. Our standard of review in such cases is well settled. When the trial court enters findings of fact and conclusions based thereon, we apply a two-tiered standard of review. *Carroll v. J.J.B. Hilliard, W.L. Lyons, Inc.,* 738 N.E.2d 1069, 1075 (Ind.Ct.App.2000), *trans. denied.* First, we determine whether the evidence supports the findings, and then we determine whether the findings support the judgment. *Id.* We will set

aside the trial court's findings and conclusions only if they are clearly erroneous. *Id.* Findings are clearly erroneous if the record contains no facts or inferences supporting them, whereas a judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* In addressing whether a negative judgment is clearly erroneous, we consider only the evidence most favorable to the prevailing party and do not reweigh the evidence or judge the credibility of witnesses. *Cutshall v. Barker,* 733 N.E.2d 973, 978 (Ind.Ct.App.2000).

██ Garling attacks the DNR's reliance on Indiana statutory law to assert that Lake Cicott is a public, rather than a private, freshwater lake. In particular, Garling posits that the DNR's reliance on the riparian owners' acquiescence to the public's use of Lake Cicott requires this court to resort to the unfavored doctrine of prescriptive easements to decide this case. Further, Garling contends that our supreme court's decision in *Carnahan v. Moriah Property Owners Association, Inc.,* 716 N.E.2d 437 (Ind.1999) sets forth the framework under which the instant case must be decided. We disagree.

██ Unlike the case at hand, *Carnahan* did not involve a dispute concerning the classification of a lake as either public or private. In *Carnahan,* the parties conceded that the lake at issue was private. Thus, the only issue before the court was whether the Carnahans, a family owning only a minority of the private lake, had acquired a prescriptive easement over the entire body of water, thereby allowing them to operate their motorized water-

crafts on the private lake in contravention of restrictive covenants enacted by the majority owner. While the doctrine of prescriptive easements may assist in resolving whether one has the right to use the private property of another, the doctrine does not assist in making the initial determination of whether such property is public or private. Accordingly, we find that Garling's reliance on *Carnahan* is misplaced and turn instead to Indiana statutory law for guidance in deciding whether Lake Cicott is a public or private lake.

The Indiana legislature defines "public freshwater lake" as "a lake that has been used by the public with the acquiescence of a riparian owner." Ind.Code § 14–26–2–3(a). The plain language of the statute merely requires the acquiescence of a single riparian owner. As a result, in order to determine whether Lake Cicott is public or private we must first determine whether any of the riparian owners acquiesced to the public's use of Lake Cicott.

██ A number of public records of the DNR were admitted supporting the proposition that Lake Cicott was a public lake. Included among those documents was a Petition of Riparian Owners requesting that the DNR take jurisdiction and control over Lake Cicott. Garling contends that the trial court erred in admitting this Petition. Specifically, Garling asserts that the document lacked trustworthiness because one of the signatories to the Petition also signed in his capacity as a notary, and therefore, it should not have been admitted into evidence under the public records exception to the rule against hearsay that requires a document to be trustworthy.[2]

2. The public records exception provides:
 Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations in any form, of a public office or agency, setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. The following are not within this exception to the hearsay rule: (a) investigative reports by police and other law enforcement personnel, except when offered by an accused in a criminal case;

■ We note that the decision to admit or exclude evidence is within the trial court's sound discretion and is afforded great deference on appeal. *R.R. Donnelley & Sons, Co. v. North Texas Steel Co. Inc.*, 752 N.E.2d 112, 126 (Ind.Ct.App. 2001). The admission or exclusion of evidence will not generally be reversed on appeal absent a manifest abuse of discretion that results in denial of a fair trial. *Med. & Prof'l Collection Servs., Inc. v. Bush*, 734 N.E.2d 626, 631 (Ind.Ct.App. 2000). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Further, any error in the admission of evidence is harmless if the same or similar evidence is submitted without objection. *R.R. Donnelley & Sons, Co.*, 752 N.E.2d at 127.

Garling argues that the Petition of Riparian Owners admitted as part of DNR's Exhibit 1 lacked trustworthiness and thus the Petition was inadmissible under the public records exception. While we find it problematic that the notary was also a signatory to the Petition in light of Indiana statutory law, which provides that a "notary public shall not ... acknowledge any instrument in which the notary's name appears as a party to the transaction," we recognize that our determination of the Petition's trustworthiness is of no consequence. Ind.Code § 33–16–2–2. Even if we were to find that the act of signing as one of the petitioners, in addition to notarizing the document, rendered the Petition untrustworthy, we need not disturb the trial court's judgment because any error in the Petition's admission was harmless in light of other evidence that came in that similarly evinced acquiescence of riparian owners to the public's use of Lake Cicott.

During the trial, witnesses for both sides, who were riparian owners, testified that the public gained access to Lake Cicott for boating from the property of a church located on the lake. Moreover, since as far back as 1948, riparian owners have affirmatively resorted to the State to take a regulatory role in Lake Cicott by requesting that the DNR issue permits allowing them to modify the lake.

The trial court heard all of the evidence and thereafter classified Lake Cicott as a public freshwater lake. Considering only the evidence most favorable to the prevailing party and declining Garling's invitation to reweigh the evidence, we find that the trial court's conclusion that Lake Cicott is a public lake is supported by the evidence and inferences to be drawn therefrom, and thus, the judgment is not clearly erroneous.

Judgment affirmed.

DARDEN, J., and MATHIAS, J., concur.

---

(b) investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party; (c) factual findings offered by the government in criminal cases; and (d) factual findings resulting from special investigation of a particular complaint, case, or incident, except when offered by an accused in a criminal case.
Ind. Evidence Rule 803(8).