Karen L. GARLING, Appellant–
Defendant,

v.

INDIANA DEPARTMENT OF
NATURAL RESOURCES,
Appellee–Plaintiff.

No. 09A02–0101–CV–7.

Court of Appeals of Indiana.

April 5, 2002.

John R. Hillis, Hillis & Hillis, Logansport, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, James A. Joven, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

VAIDIK, Judge.

Karen L. Garling petitions for rehearing on *Garling v. Indiana Department of Natural Resources*, 756 N.E.2d 1029 (Ind.Ct. App.2001). In that opinion, we held that Lake Cicott is a public freshwater lake. In reaching this conclusion, we incorrectly indicated that Garling was appealing from a negative judgment. However, because we correctly applied a "clearly erroneous" standard of review, we find our improper characterization to be of no consequence to our ultimate holding in the case.

Upon Garling's motion, the trial court entered findings of fact and conclusions based thereon. In such instances, the Indiana Trial Rules provide:

> [o]n appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless *clearly erroneous*, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Ind. Trial Rule 52(A) (emphasis added). When the trial court issues findings and conclusions as provided for in Indiana Trial Rule 52(A), we apply a two-tiered standard to review the trial court's entry. *Oil Supply Co. v. Hires Parts Serv., Inc.*, 726 N.E.2d 246, 248 (Ind.2000). "We determine whether the evidence supports the findings and the findings support the judgment." *Id.* (quoting *Chidester v. City of Hobart*, 631 N.E.2d 908, 910 (Ind.1994)). In deference to the trial court's proximity to the issues, "we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment." *Oil Supply Co.*, 726 N.E.2d at 248. We do not reweigh the evidence, but only consider the evidence favorable to the trial court's judgment. *Id.* Thus, challengers labor under a heavy burden, but one that may be overcome by showing that the trial court's findings are clearly erroneous. *Id.*

We define the clearly erroneous standard based on whether the party is appealing a negative or an adverse judgment. *Blairex Labs., Inc. v. Clobes*, 599 N.E.2d 233, 235 (Ind.Ct.App.1992), *trans. denied.* A negative judgment is one entered against a party who bears the burden of proof, while an adverse judgment is one entered against a party defending on a given question. *Vanderburgh County Bd. of Comm'rs v. Rittenhouse*, 575 N.E.2d 663, 666 (Ind.Ct.App.1991), *trans. denied.* In the instant case, the trial court entered findings in favor of the Indiana Department of Natural Resources, the party who had the burden of proof. *See Steinkuehler v. Wempner*, 169 Ind. 154, 160, 81 N.E. 482, 484 (1907) (positing that the general rule is that one asking for a privilege or seeking to enforce a right conferred by statute must show itself to be within the statute). Garling, therefore, appeals an adverse judgment, instead of a negative judgment. When the trial court enters findings in favor of the party bearing the burden of proof, we will hold the findings clearly erroneous if they are not supported by substantial evidence of probative value. *Id.* Even if the supporting evidence is substantial, we will reverse the judgment if we are left with a definite and firm conviction a mistake has been made. *Id.*

Although Garling's contention that she appeals from an adverse judgment rather than a negative judgment is correct, she takes this to mean that she does not have to establish that the judgment was clearly erroneous to prevail on appeal. This is incorrect. In order to have the trial court's judgment reversed, Garling still must meet the clearly erroneous standard set forth in Indiana Trial Rule 52(A). However, Garling fails to do so. In reaching this conclusion, we rely on the testimony of two riparian owners that the public gained access to Lake Cicott for boating from the property of a church located on the lake. The trial court heard this testimony and concluded that there was acquiescence by riparian owners to the public's use of Lake Cicott. Moreover, since 1948, riparian owners have resorted to the State to take a regulatory role in Lake Cicott by requesting that the DNR issue permits to allow them to modify the lake. Despite Garling's protestations to the contrary, we conclude that such testimony is substantial and of probative value. Further, we are not left with a definite and firm conviction that a mistake has been made. Because Garling fails to establish that the trial court's judgment was clearly erroneous, we reaffirm our holding that Lake Cicott is a public freshwater lake.

The petition for rehearing is granted. We affirm our original opinion in all respects, except as clarified in this opinion on rehearing.

DARDEN, J., and MATHIAS, J., concur.