**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**KIMBERLY J. BACON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

Attorney for D.F & K.F.
**KELLY A. MIKLOS**
Greenwood, Indiana

Attorney for Ind. Dept. of Child Services
**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

FILED

Mar 16 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE ADOPTION OF T.L., Minor Child, | ) |
| | ) |
| M.J., Brother, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | )    No. 49A04-1108-AD-477 |
| | ) |
| D.F. and K.F., Foster Parents, | ) |
| | ) |
| Appellees-Respondents, | ) |
| | ) |
| and | ) |
| | ) |
| INDIANA DEPT. OF CHILD SERVICES, | ) |
| | ) |
| Co-Appellees. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gerald S. Zore, Judge
Cause No. 49D08-0705-AD-18381

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

M.J. (Brother) appeals the dismissal of his petition to adopt T.L., his biological half-sister. We consolidate and restate the issues he presents on appeal as whether the trial court abused its discretion when it granted the motion to dismiss his petition. We affirm.

## FACTS AND PROCEDURAL HISTORY

The last time questions regarding Brother's adoption of T.L. were before us, we explained the relevant facts as follows:

> T.L. was born cocaine-positive on March 31, 2005, and removed immediately from her parents pursuant to a CHINS petition filed by the Marion County Department of Child Services ("DCS"). T.L.'s biological parents consented to the termination of their parental rights and T.L. became a ward of DCS. In September of 2005, T.L. was placed in relative care in Kentucky with Brother and his girlfriend, M.E., pursuant to an Interstate Compact Placement Contract ("ICPC") between Indiana and Kentucky. As part of the ICPC, the home Brother and M.E. shared was approved as a placement for T.L. and any change in T.L.'s housing arrangement required prior approval. T.L.'s placement was monitored by both DCS and Kentucky authorities.
>
> On May 3, 2007, Brother and M.E. filed a joint petition to adopt T.L. In November 2007, Kentucky authorities informed Brother that the fingerprints he and M.E. had provided as one of the requirements of their petition for adoption had been lost. Brother and M.E. provided a second set of fingerprints. In mid-January 2008, M.E. suddenly ended her relationship with Brother and had his name taken off their lease. Brother moved with T.L. to the home of his friend, D.D., and her mother. D.D. is now Brother's fiancée and the mother of his child. Brother did not receive prior approval for this move, and did not notify DCS of his and T.L.'s whereabouts for a few weeks, although he did notify Kentucky authorities of his move immediately. On February 6, 2008, Brother was told to bring T.L. to his Kentucky caseworker's office, where DCS removed T.L. from his custody and control and returned her to Indiana. On February 15, 2008, T.L. was placed with Foster Parents [D.F. and A.F.], where she continues to reside at this time.
>
> After T.L. was removed from his custody, Brother made numerous phone calls to both DCS and Kentucky authorities in an attempt to find out what had happened and what he could do to regain custody of or at least get visitation with T.L. Not all of his phone calls were returned, and no assistance in arranging visitation or regaining custody was offered. Brother also

2

petitioned for adoption of T.L. in Kentucky. A Kentucky order granting custody of T.L. to Brother was issued but the Indiana juvenile court overseeing T.L.'s CHINS case denied the validity of the Kentucky order, citing its own exclusive jurisdiction over T.L. Brother then sought to intervene in the Indiana CHINS case, but was denied. He attended a CHINS hearing in August 2008, at which his request to have T.L. placed with him was denied. On March 24, 2009, Brother amended his petition for adoption to remove M.E. as a joint petitioner. On August 12, 2009, Foster Parents filed a cross-petition for adoption. On September 4, 2009, DCS filed a "Notice of Intent to Contest Petition of [M.J.] and to Withdraw Consent to Adoption by [Brother]" in which it stated: "DCS now withdraws its consent to Brother's Petition because DCS asserts that it is not in the best interest of the child and that there is no Interstate Compact approval for said placement and adoption. DCS intends to consent to the adoption of [T.L.] by cross petitioners, [Foster Parents]." Appendix to Brief of Appellants at 29. DCS filed a consent for T.L. to be adopted by Foster Parents on October 23, 2009.

A contested adoption hearing was held on March 9, 2010. At the conclusion of the hearing, the trial court requested the parties submit proposed findings of fact and conclusions of law within thirty days and ordered [M.J.] to submit a home study prior to that deadline. On April 26, 2010, the trial court entered its findings of fact and conclusions of law in which it found DCS was withholding consent to Brother's adoption of T.L. for reasons not in T.L.'s best interest and further found it is in T.L.'s best interest to be adopted by Brother. Brother's petition for adoption was granted and Foster Parents' cross-petition was denied. Foster Parents appeal the trial court's order granting Brother's petition for adoption of T.L. and denying their cross-petition for adoption. At Foster Parents' request, the order has been stayed pending the outcome of this appeal.

*In re Adoption of T.L.*, 49A04-1005-AD-310, slip op. at 1 (February 21, 2011) (footnotes omitted) ("2011 Case"), *trans. denied*. The trial court's order granting Brother's petition to adopt T.L. included conditions that he "submit to this Court his completed home study, criminal history background check, and Interstate Compact approval[.]" (App. of Co-Appellee DCS at 12.) We affirmed the trial court's decision to conditionally grant Brother's adoption of T.L.

3

On February 10, 2011, the Kentucky Cabinet for Health and Family Services denied the ICPC for T.L.'s placement with Brother. On February 22, Brother filed a petition for finalization of T.L.'s adoption. In response, on February 28, DCS filed a "Motion to Dismiss Petition of [Brother] for Lack of Interstate Compact on the Placement of Children Approval of Adoption Placement and Trial Rule 60 Motion for Relief from Judgment Based upon New Evidence." (App. of Co-Appellee DCS at 14.) Those motions sought dismissal of Brother's adoption petition and additional consideration of Foster Parents' adoption petition in light of Kentucky's denial of the ICPC. On April 1, Foster Parents joined DCS in its motion.

On August 19, the trial court held a hearing on the motions related to the adoption of T.L. DCS and Foster Parents presented evidence Kentucky denied Brother's request for ICPC approval, which was a condition of his adoption of T.L. During the hearing, Brother did not deny Kentucky would not approve the ICPC, but instead attempted to present evidence Kentucky unreasonably withheld approval. The trial court declined to hear evidence on that issue, and, after opening arguments, ordered the parties to submit proposed orders. On August 26, the trial court granted DCS' and Foster Parents' motion to dismiss Brother's adoption petition because Brother could not obtain ICPC approval to adopt T.L. The trial court held the Trial Rule 60 issue in abeyance pending the outcome of this appeal.

## DISCUSSION AND DECISION

We will disturb the trial court's decision in an adoption case only when the evidence leads to a single conclusion and the court reached an opposite conclusion. *In re Adoption of D.C.*, 928 N.E.2d 602, 604 (Ind. Ct. App. 2010), *trans. denied*. We will not reweigh the

4

evidence, but will examine the evidence most favorable to the court's decision together with the reasonable inferences to be drawn therefrom to determine whether sufficient evidence supports the decision. *Id.*[1]

When a party requests the trial court enter findings and conclusions pursuant to T.R. 52(A), we apply a two-tiered standard of review: we first consider whether the evidence supports the findings, and we then consider whether the findings support the judgment. *Garling v. Ind. Dept. of Natural Res.*, 766 N.E.2d 409, 410 (Ind. Ct. App. 2002), *trans. denied.* We will disturb the judgment only if it is clearly erroneous; that is, when there is no evidence supporting the findings or the findings do not support the judgment. *Id.* We do not reweigh evidence or assess credibility of witnesses, but instead consider only the evidence most favorable to the judgment. *Id.* Where, as here, "the trial court enters findings in favor of the party bearing the burden of proof, the findings are clearly erroneous if they are not supported by substantial evidence of probative value." *McCarty v. Walsko*, 857 N.E.2d 439, 443 (Ind. Ct. App. 2006).

In support of the dismissal of Brother's petition to adopt T.L., the court found:

3.  This Court's Order of April 26, 2010 order [sic] that [Brother] was to submit his completed homestudy [sic], criminal history background check and Interstate Compact approval in order for this Court to finalize adoptive placement and adoption, ordered that said documents should be submitted by June 6, 2010, and set the matter for final hearing on the Petition for Adoption.
4.  The June 6, 2010 final hearing on the Petition for Adoption was vacated when the action was stayed upon appeal of the Court's April 26, 2010 Order, and has not taken place due to the pendency of the

---

[1] Despite the fact the trial court and the parties treated the decision as one granting DCS' and Foster Parents' motion to dismiss, the decision was premised on the merits of Brother's petition to finalize his adoption of T.L. and we will review it as such.

appeal and this ensuing Motion.

5.   Both Indiana statute and the Indiana Supreme Court required compliance with the Interstate Compact on the Placement of Children [ICPC] as a prerequisite to an adoption of a child who is a ward of this state and who will be place [sic] in a state other than Indiana for adoption. Ind. Code § 31-28-4-1(a) (article II) provides "A sending agency may not send, bring or cause to be sent or brought into any other party state a child for placement in foster care or as a preliminary to a possible adoption unless the sending agency complied with each requirement under article III and with the receiving state's laws governing the placement of children []" The Interstate Compact further provides that the "child shall not be sent, brought, or caused to be sent or brought into the receiving state until the appropriate public authorities in the receiving state shall notify the sending agency, in writing, to the effect that the proposed placement does not appear to be contrary to the interest of the child." Ind. Code § 31,-28-4-1 [sic] (article III (d)).

* * * * *

7.   Subsequent to the date of April 25, 2010, [Brother] has not submitted any ICPC approval for the adoptive placement of the child with him, nor did he submit any ICPC approval during the August 19, 2011 hearing on the Motion to Dismiss.

8.   In compliance with this Court's Order of April 26, 2010, in order to facilitate the ICPC process for [Brother], the Indiana Department of Child Services ICPC Officer (sending state agency) forwarded a request for ICPC investigation and approval to the Kentucky Cabinet for Health and Family Services (receiving state agency). On February 10, 2011, Kentucky returned documentation to the Indiana ICPC Office that pursuant to Kentucky's ICPC investigation, placement was denied.

* * * * *

12.  [Brother] has presented no authority supporting finalization of this adoption without ICPC approval.

13.  [Brother] has had adequate time to present ICPC approval, but he has been unable to comply with this requirement and has not submitted ICPC approval. Indeed, placement through the ICPC process has been denied.

14.  It is not in the best interest of the child at issue to further delay these proceedings, as the child requires the stability of a permanent adoptive home in a timely manner, and thus the best interest of the child supports dismiss[al] of [Brother]'s Petition so that an alternative adoptive plan can be pursued.

15.  According to Indiana law, and pursuant to the Court's Order of April

6

26, 2010, the adoption cannot be granted without ICPC approval, and the Petition of [Brother] to Adopt the minor child should be dismissed.

(App. of Appellee DCS at 16-18.) Brother does not specifically challenge any of the trial court's findings, but instead contends the methods by which the trial court came to its conclusion were an abuse of discretion. We disagree.

First, Brother argues the trial court "erred when it ruled after only hearing opening statements by respective counsel, when a full evidentiary hearing was necessary[.]" (Br. of Appellant at 6.) However, Brother's argument contains no citations to the record, nor to relevant case law or statutes. Therefore, the issue is waived and we will not consider it. *See* Ind. Appellate Rule 46(A)(8)(a); *see also Parmeter v. Cass Co. Dept. of Child Serv.*, 878 N.E.2d 444, 449 (Ind. Ct. App. 2007) (party waives issue when it fails to cite to authority supporting the argument), *reh'g denied*.

Next, Brother claims "the issue [whether to grant his adoption petition]was *res judicata*, having been upheld by this honorable Appellate court and transfer denied by the Indiana Supreme Court." (Br. of Appellant at 7.) He further argues the trial court abused its discretion because it "did not honor the affirmed Appellate decision and instead, gave DCS and the [sic] D.F. and K.F. a 'second bite of the Apple[.]'" (*Id*.) Brother's argument contains no citations to the record or relevant case law or statutes. Therefore, the issue is waived and we will not consider it. *See* Ind. Appellate Rule 46(A)(8)(a); *see also Parmeter*, 878 N.E.2d 444, 449 (Ind. Ct. App. 2007) (party waives issue when it fails to cite to authority

supporting the argument), *reh'g denied.*[2]

Brother argues, in the event we do not find clear error, we should reverse because the document on which the trial court relied in deciding to dismiss his adoption petition "was hearsay and never entered into evidence." (Br. of Appellant 7.) M.J. asserts this alleged error "requires reversal of the 60(B) order issued by the trial judge." (*Id.*) But the trial court did not decide the 60(B) motion; it held the matter in abeyance pending the outcome of this appeal:

| | |
|---|---|
| [Counsel for DCS]: | . . . So, I mean, this child needs to have some resolution, and so, Judge, we would request that you set the [Foster Parents]' petition for an adoption finalization hearing. |
| [Counsel for Brother]: | And, Your Honor - - |
| The Court: | I think I'll wait until we get the Motion to Dismiss resolved. |
| [Counsel for DCS]: | You mean on an appeal? |
| [Counsel for Brother]: | Yes. And we would move to stay any further proceedings until that issue is resolved. |
| The Court: | I regret the delay, but I that's probably the best course to follow. |

(Tr. at 43.) Therefore, whether the trial court committed clear error when it admitted the ICPC document is not properly before us because the trial court has not made a final judgment on DCS and Foster Parents' 60(B) motion. *See* App. R. 5(A) (appellate court has jurisdiction over final judgments); *see also* App. R. 2(H) (final judgment is one that disposes of all claims of all parties).

---

[2] Waiver notwithstanding, we note while it is true our court upheld the trial court's decision to grant Brother's adoption petition, *see In re Adoption of T.L.*, 49A04-1005-AD-310, slip op. at 8, the original trial court order contained conditions with which M.J. was still required to comply. Therefore, the issue raised in the instant appeal, whether Brother completed the conditions required to adopt T.L., was not ripe for consideration at that time and has not previously been decided.

Finally, Brother argues the trial court committed clear error by "adducing findings of fact from testimony-less hearing [which] is clearly erroneous and an abuse of discretion when the judge signed the submission made by DCS of facts that were not a result of a hearing but instead their desire to impede [Brother]'s adoption of his sister." (Br. of Appellant at 7.) With the exception of a general standard of review and citation to case law regarding the process for post-conviction relief hearings, Brother does not cite authority supporting his argument. Therefore, the issue is waived and we will not consider it. *See* Ind. Appellate Rule 46 (a)(8)(A); *see also Parmeter*, 878 N.E.2d at 449 (party waives issue when it fails to cite to authority supporting the argument).[3]

We hold the trial court did not commit clear error in granting DCS' and Foster Parents' motion because the trial court's earlier order that would permit Brother to adopt T.L. was conditioned on ICPC approval. Kentucky did not approve the ICPC, and thus Brother could not fulfill that condition and complete his adoption of T.L..

Affirmed.

CRONE, J., and BROWN, J., concur.

---

[3] M.J. also makes an argument regarding an alleged violation of the Indiana Rules of Professional Conduct. However, we are not the proper tribunal to decide this issue, and therefore we decline to do so. *See* App. R. 4(B) (Indiana Supreme Court has "exclusive jurisdiction" over the discipline of attorneys).