**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 31 2013, 5:27 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**LYLE B. STEELE**
Anderson, Indiana

ATTORNEY FOR APPELLEE:

**DANIEL S. DAVISSON**
Davisson & Davisson, P.C.
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LYLE B. STEELE, | ) | |
| | ) | |
| Appellant-Defendant/Counterplaintiff, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1209-SC-768 |
| | ) | |
| ASBURY GLEN HOMES, | ) | |
| | ) | |
| Appellee-Plaintiff/Counterdefendant. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Natalie R. Conn, Senior Judge
Cause No. 48C04-1204-SC-2168

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Lyle B. Steele, pro se, appeals the trial court's small claims judgment in favor of Asbury Glen Homes ("Asbury") on Asbury's claim for damages and against Steele on his counterclaim for damages. The sole restated issue presented for our review is whether the trial court's judgment is clearly erroneous. Due to the deficient nature of Steele's pro se brief, and the lack of cogent argument supported by relevant citation to the record or legal authority, we conclude that Steele has waived our review of his claims of error. Accordingly, we affirm the trial court's judgment.

## Facts and Procedural History

The facts most favorable to the trial court's judgment indicate that Steele performed maintenance work as an employee of Asbury. He had authority to purchase supplies and tools at Lowes and to charge the items to Asbury's account. After making several purchases of tools, mowers, trimmers, and other items, Steele returned some of the items to Lowes and received in-store-credit gift cards equal to the purchase price of the returned items. Upon termination of his employment, Steele did not give Asbury those in-store-credit gift cards. Steele also kept various tools and did not return them to Asbury. Asbury eventually filed a police report with the Anderson Police Department.

On April 18, 2012, Asbury filed a small claims action against Steele, to recover $1402.17 for the items purchased on Asbury's account but not returned by Steele. Asbury sought treble damages as well as $200 for attorney fees and $77 in court costs. Thereafter, Steele filed an independent action against Asbury in another court seeking $6000 in alleged

unpaid compensation, use of equipment, gas, and mileage. Steele's action was transferred and consolidated as a counterclaim to Asbury's original claim, and a bench trial was held on both claims on August 27, 2012. At the conclusion of the trial, the trial court entered judgment in favor of Asbury on its claim for damages and also entered judgment in favor of Asbury on Steele's counterclaim, concluding that Steele had presented insufficient evidence to support his counterclaim. Accordingly, the trial court awarded Asbury $1402.17 plus $77 in court costs. The trial court denied Asbury's request for attorney fees and treble damages. Steele filed a motion to reconsider, which the trial court denied on September 12, 2012. This appeal ensued.

## Discussion and Decision

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). "We review facts from a bench trial under a clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility." *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). "This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting." *Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 689 (Ind. Ct. App. 2012). "In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses, but considers only the evidence that supports the judgment and the reasonable inferences to be

drawn from that evidence." *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995).

Because judgment was entered against Steele on Asbury's claim and on his counterclaim, Steele is appealing from both an adverse judgment and a negative judgment. An adverse judgment is one entered against a party defending on a given question, while a negative judgment is one entered against a party who bears the burden of proof. *Garling v. Ind. Dep't of Natural Res.*, 766 N.E.2d 409, 411 (Ind. Ct. App. 2002), *trans. denied*. Specifically, the entry of judgment in favor of Asbury on its claim for damages is an adverse judgment. We will reverse an adverse judgment only if we are left with a definite and firm conviction that a mistake has been made. *Id.* The ruling against Steele on his counterclaim is a negative judgment, which we may not reverse unless "the evidence is without conflict and leads to but one conclusion, but the trial court reached a different conclusion." *Eppl v. DiGiacomo*, 946 N.E.2d 646, 649 (Ind. Ct. App. 2011).

We begin by noting that Steele urges us to take into account his pro se status and grant him latitude regarding the presentation of his arguments. However, we have often explained that

> one who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action. While we prefer to decide cases on the merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. The purpose of our appellate rules, Ind. Appellate Rule 46 in particular, is to aid and expedite review and relieve the appellate court of the burden of searching the record and briefing the case. We will not become an advocate for a party, nor will we address

4

arguments which are either inappropriate, too poorly developed or improperly expressed to be understood.

*Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (quotation marks and citations omitted).

Although Steele's brief contains a multitude of deficiencies and violations of our appellate rules, the most significant problem is his violation of Indiana Appellate Rule 46(A)(8) with respect to the argument section of his brief. This section "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning," as well as relevant citations to the record on appeal or legal authority. Ind. Appellate Rule 46(A)(8). Steele's argument section provides merely a litany of factual allegations that he claims indicate error on the part of the trial court, including several improper references to extrinsic facts that were never presented to the trial court and are not part of its record. Steele makes bald assertions of error absent citation to the record or to legal authority, and he fails to offer any cogent reasoning to support these claims. The only thing that we can discern for sure is that Steele invites us to reweigh the evidence and reassess witness credibility in his favor, which we will not do. In sum, Steele's noncompliance with the rules of appellate procedure is so substantial that it impedes our consideration of his alleged errors.

Accordingly, Steele has waived his claims of error on appeal. *See Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (finding that failure to present cogent argument supported by authority coupled with unsupported assertions too poorly developed to be understood resulted in waiver of argument on appeal). If we were to address his claims, we would be forced to abdicate our role as an impartial tribunal and would instead become an

advocate for one of the parties. This we cannot do. *See id.* The judgment of the trial court is affirmed.

Affirmed.

BAKER, J., and BARNES, J., concur.