## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2018, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Paul D. Ludwig | Michael L. Carmin |
| Indianapolis, Indiana | Bloomington, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Brenda A. Kyle, | March 9, 2018 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 53A01-1709-SC-2070 |
| v. | Appeal from the Monroe Circuit Court |
| | The Honorable Valeri Haughton, Judge |
| Cedarview Management, | |
| *Appellee-Defendant* | Trial Court Cause No. 53C08-1611-SC-2467 |

**Altice, Judge.**

### Case Summary

[1]     Brenda Kyle appeals from the trial court's judgment in favor of Cedarview Management Corporation (Cedarview) on Kyle's small claims action.  On

appeal, Kyle raises a number of arguments, which we consolidate and restate as follows: Was the trial court's judgment clearly erroneous?

[2]     We affirm.

## Facts & Procedural History

[3]     In December 2013, Kyle purchased a Bloomington salon business from Disque Incorporated (Disque). In conjunction with the sale, Disque and Kyle entered into a sublease agreement with respect to the business premises, which Disque leased through Cedarview. The sublease was to commence on January 1, 2014, and expire at the end of Disque's lease term on August 31, 2014. As required by the terms of both the sublease agreement and Disque's original lease, the sublease agreement was submitted to Cedarview for its approval. Upon receiving the sublease agreement, Cedarview initially requested a security desposit from Kyle, but later waived that requirement and accepted Kyle as a sublessee. As the result of an oversight, Cedarview did not sign the sublease agreement, but Cedarview provided Kyle with keys to the premises and helped her promote her grand opening in January 2014. Kyle reimbursed Disque for the rent it paid for January 2014, and Kyle paid rent directly to Cedarview through ACH withdrawal for the months of February and March 2014.

[4]     On March 4, 2014, Kyle met with Cedarview representatives Suzanne O'Connell and Jana Voyles to discuss Kyle's interest in entering into a new lease at the expiration of the term of the sublease, as well as some complaints Kyle had about Disque. During the meeting, Kyle made comments about the

building that O'Connell believed to be untruthful and disparaging. O'Connell became angry and told Kyle that if she was going to lie about the building, Cedarview did not want her as a tenant. The meeting then ended without further discussion. No one from Cedarview took any action to interfere with the operation of Kyle's business or eject her from the premises.

[5] Unbeknownst to Cedarview, Kyle began the process of vacating the property within days of the March 4 meeting. Cedarview learned that the space was vacant around March 12, 2014, when it sent a building-wide email to all tenants regarding HVAC maintenance and Kyle responded that she was no longer a tenant. Kyle had not notified Cedarview of her intent to vacate prior to that date, and she had not returned the keys to the leased premises. Only after receiving notice that Kyle had already vacated the premises did Cedarview demand the return of the keys.

[6] Over two-and-a-half years later, on November 21, 2016, Kyle filed a *pro se* small claims notice against O'Connell and Cedarview, which was later amended to remove O'Connell as a defendant.[1] The amended notice alleged that Cedarview "took money under false pretense" and that "[t]here was never a valid contract." *Appellant's Appendix* at 11. The case proceeded to a bench trial on September 1, 2017, at the conclusion of which the trial court took the matter

---

[1] The original notice of claim also named Tenth & College Management. The role of Tenth & College in this matter is not clear from the record, and it was not named as a defendant in the amended notice of claim.

under advisement. On September 5, 2017, the trial court entered judgment in Cedarview's favor. Kyle now appeals.

## Discussion & Decision

[7] Kyle appeals from the trial court's ruling on her small claims action.

> Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This "deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995) (quoting S.C.R. 8(A)).

*Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067-68 (Ind. 2006). The applicable clearly erroneous standard turns on whether the party is appealing a negative judgment or an adverse judgment. *Baird v. ASA Collections*, 910 N.E.2d 780, 785 (Ind. Ct. App. 2009). A negative judgment is one entered against a party who, like Kyle, bore the burden of proof at trial. *See id.* A party appealing a negative judgment will prevail only upon establishing that the judgment is contrary to law, i.e., when the evidence is without conflict and all reasonable inferences to be drawn therefrom lead to only one conclusion, but the trial court reached a different conclusion. *Id.* In determining whether a negative judgment is clearly erroneous, we will consider only the evidence most

favorable to the prevailing party, without reweighing the evidence or judging the credibility of the witnesses.[2] *Garling v. Ind. Dep't of Natural Res.*, 756 N.E.2d 1029, 1032 (Ind. Ct. App. 2001), *trans. denied*.

[8] Kyle argues that she is entitled to the return of the rent she paid to Cedarview. The first theory of recovery asserted in her appellate brief is constructive eviction. Constructive eviction has been defined as a breach by the lessor "so direct and positive, and so substantial and permanent in character as to operate as a material and effectual exclusion of the tenant from the beneficial enjoyment of some part of the leased premises." *Sigsbee v. Swathwood*, 419 N.E.2d 789, 793 (Ind. Ct. App. 1981) (quoting *Talbott v. English*, 59 N.E. 857, 860 (Ind. 1901)). A lessee who has been constructively evicted has the option to quit the premises and avoid the lease and rent, or to maintain possession and seek a remedy for trespass. *Id.* at 794.

[9] Assuming *arguendo* that a tenant who has been constructively evicted might in some cases be entitled to the return of rent monies paid while the tenant retained possession of the property, Kyle's constructive eviction claim is utterly without merit. In support of her claim, Kyle attempts to rely on Cedarview's failure to sign the sublease agreement and O'Connell's statement during the March 4, 2014 meeting that if Kyle was going to lie about the building, Cedarview did not want her as a tenant. This evidence falls far short of what is

---

[2] We remind Kyle's counsel of his duty under the appellate rules to recite the facts in accordance with the applicable standard of review. Ind. App. R. 46(A)(6).

necessary to establish constructive eviction. Although it is undisputed that Cedarview did not sign the sublease agreement, O'Connell testified that this was the result of mere oversight. Further, the evidence established that Cedarview gave Kyle possession of the premises, helped her promote her business, and accepted rent payments from her. In other words, both Kyle and Cedarview proceeded as if Kyle had an enforceable sublease. Further, the evidence favorable to the judgment establishes that Kyle never brought Cedarview's failure to sign the sublease to Cedarview's attention or gave it the opportunity to correct the oversight. Most importantly, Kyle has not explained how Cedarview's failure to sign the sublease interfered with her use of the property.

[10] The same can be said regarding O'Connell's statement during the March 4, 2014 meeting. Notably, O'Connell's statement was made in the context of discussing Kyle's wish to enter into a new lease at the expiration of her sublease. The most reasonable interpretation of O'Connell's statement is that if Kyle continued to make false and disparaging comments about the building, Cedarview would not be interested in extending Kyle's tenancy beyond the term of her sublease. In any event, there is no suggestion that Cedarview ever told Kyle to leave the premises or took any action to interfere with her use of the property. In sum, the evidence presented at trial overwhelmingly supports a conclusion that Kyle was not constructively evicted.

[11] Kyle next argues that "Cedarview's conduct amounted to receipt of Kyle's money under false pretenses or misrepresentation." *Appellant's Brief* at 9. The

only authority Kyle provides in support of this proposition is a single case citation, which sets out the general definition of misrepresentation. Kyle goes on to suggest that Cedarview tricked her into paying rent without a valid sublease[3] and then told her they wanted her out of the building. Kyle's argument in this regard completely disregards the applicable standard of review, and we will not indulge her blatant request to reweigh the evidence and judge the credibility of witnesses.

[12] Finally, Kyle argues that Cedarview has been unjustly enriched. *See Neibert v. Perdomo*, 54 N.E.3d 1046, 1051 (Ind. Ct. App. 2016) (explaining that "[t]o recover for unjust enrichment, the plaintiff must show that (1) he rendered a measurable benefit to the defendant at the defendant's express or implied request; (2) he expected payment from the defendant; and (3) allowing the defendant to retain the benefit without restitution would be unjust"). This argument is also premised on Kyle's assertion that Cedarview tricked her into paying rent without a valid sublease, which we have already rejected. Moreover, it is undisputed that Kyle had possession of the premises during the months she paid rent. Kyle's unjust enrichment claim is wholly unsupported by the evidence. For all of these reasons, we conclude that the trial court's

---

[3] This argument is predicated in large part on Kyle's argument that Disque did not have a valid lease, which Kyle claims would preclude her from having a valid sublease. Because Kyle did not raise this argument before the trial court, it is not available to her on appeal. *See Ind. Bureau of Motor Vehicles v. Gurtner*, 27 N.E.3d 306, 311 (Ind. Ct. App. 2015).

judgment in Cedarview's favor was amply supported by the evidence and not clearly erroneous.

[13]    Judgment affirmed.

[14]    May, J. and Vaidik, C.J., concur.